67 F.3d 310
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael A. McLOONE, Defendant-Appellant.
 No. 94-30319.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 20, 1995.*
Decided Sept. 28, 1995.
 
 Before: CHOY, SNEED, and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael McLoone appeals his conviction imposed following a jury trial for the crimes of: (1) pledging a stolen firearm as security for a loan; (2) receiving, concealing, and storing a stolen firearm; and (3) selling a stolen firearm, all in violation of 18 U.S.C. Sec. 922(j). McLoone contends that the district court erred by denying his motion for judgment of acquittal. McLoone argues that the evidence was insufficient to convict him because the government failed to prove that the firearm was stolen. We affirm the district court's judgment.
 
 
 3
 We review a district court's denial of a motion for judgment of acquittal under the same standard applied to a challenge to the sufficiency of the evidence. United States v. Shirley, 884 F.2d 1130, 1134 (9th Cir.1989). Sufficient evidence supports a verdict if, reviewing the evidence in the light most favorable to the government, a rational trier of fact could have found all essential elements of the crime beyond a reasonable doubt. United States v. Quinn, 18 F.3d 1461, 1465 (9th Cir.), cert. denied, 114 S.Ct. 2755 (1994).
 
 
 4
 There was sufficient evidence to allow a rational jury to find that the firearm was stolen. The government's chief witness, Lillian Avalos, testified that the firearm belonged to her ex-husband, Robert Kelly, and was stored under her bed. Avalos further testified that she did not give McLoone permission to take the firearm from her home. On cross-examination, McLoone admitted that the firearm belonged to Kelly, but claimed Avalos gave it to him. Reviewing this evidence in the light most favorable to the government, a rational trier of fact could have found beyond a reasonable doubt that the firearm was owned by Kelly and was stolen by McLoone.
 
 
 5
 We reject McLoone's argument that the government was required to establish ownership by calling Kelly to the stand. The testimony of Avalos, combined with McLoone's admission on cross-examination, sufficed to establish this point. We also reject McLoone's argument that the government failed to prove that the firearm was not abandoned by Kelly. A rational jury could have found that Avalos was storing the firearm in her home and that ownership was retained by Kelly.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of the circuit except as provided by Ninth Circuit Rule 36-3